# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **DONALD LEE REAVES,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | Case No.: 1:17-cv-08010-VEH |
| ) | (1:14-CR-82-VEH-JHE) |
| **UNITED STATES OR AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Donald Lee Reaves, a federal prisoner, seeks to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. Doc. 1.[1] For the reasons explained below, Reaves's petition is **DENIED**.

### I. STANDARD OF REVIEW

Following conviction and sentencing, 28 U.S.C. § 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction

---

[1] References to documents filed in this civil action are to "Doc. _." If a specific page number is referred to, the court has used the page number assigned by the electronic filing system, which appears in the top-right corner of each page, which may not be the number assigned to that page by the filing party.

to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To obtain relief under § 2255, a petitioner must: (1) file a non-successive petition or obtain an order from the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion, 28 U.S.C. § 2255(h), § 2255 Rule 9; (2) file the motion in the court where the conviction or sentence was received, *see Partee v. Attorney Gen. of Ga.*, 451 F. App'x 856 (11th Cir. 2012)(unpublished); (3) file the petition within the one-year statute of limitations, 28 U.S.C. § 2255(f); (4) be "in custody" at the time of filing the petition, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); (5) state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); and (6) swear or verify the petition pursuant to 28 U.S.C. § 1746.[2] Finally, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*.

---

[2] The Petition is verified. Doc. 1 at 5.

## II. Procedural History[3,4]

On March 26, 2014, a two-count indictment was returned by a federal grand jury in Birmingham, charging defendant Donald Lee Reaves with the offenses of Felon in Possession of a Firearm and Possession of an Unregistered Firearm (sawed-off shotgun), in violation of 18 U.S.C. § 922(g)(1) and 26 U.S.C. § 5861(d), respectively. Crim. Doc. 1.

Reaves entered a plea of not guilty at arraignment on April 17, 2014, with the assistance of a Federal Public Defender, who was initially appointed to represent him. Reaves subsequently filed a pro se motion seeking substitution of counsel based on "current counsel's difference of opinion and views towards strategies and choices…" Crim. Doc. 12. The motion was granted on June 3, 2014, and the Court appointed Michael V. Rasmussen, Esq., to serve as Reaves' new attorney. Crim. Doc. 17 (docket entry).

On July 10, 2014, counsel filed a motion to suppress the government's evidence, claiming that the police had gained entry into Reaves' apartment

---

[3] After reviewing the criminal docket, the Court has lifted this portion of this Memorandum Opinion and Order virtually verbatim from the Government's response (Doc. 4) because it accurately reflects the proceedings in the related criminal case and, moreover, the procedural history is not in dispute.

[4] Citations to the related criminal case, *United States v. Reaves*, No. 1:14-cr-82-VEH-JHE, are indicated as "Crim. Doc. __."

through deception; that the officer's request to see Reaves's driver's license was tantamount to an unlawful, warrantless seizure of the Defendant; and that the warrant used to search Reaves's apartment had been based on an affidavit lacking probable cause. Crim. Doc. 21. The magistrate judge conducted a hearing and later issued a Report and Recommendation ("R&R") recommending that the motion be denied in its entirety. Crim. Doc. 35. Defense counsel subsequently filed objections to the R&R, and supplemental objections to the R&R. Crim. Docs. 36, 40. On November 5, 2014, the undersigned judge issued an order sustaining the objections as to a portion of the R&R and suppressing all drug evidence found inside Reaves's apartment. Crim. Doc. 47. The November 5 Order, however, overruled Reaves's objections to the remaining portions of the R&R. *Id*.

Trial of this case commenced Monday, January 5, 2015, before the undersigned judge and a duly empaneled jury. On January 7, 2015, the jury returned a verdict. The jury found Reaves guilty of being a felon in possession of a firearm (Count One), but not guilty as to the sawed-off shotgun charge (Count Two). Crim. Doc. 70.

On April 22, 2015, the Court found Reaves met the criteria for the Armed Career Criminal Act enhancement, and sentenced him to a custodial term of 192 months as to Count One. Crim. Doc. 83.

Still represented by Mr. Rasmussen, Reaves filed a direct appeal that ultimately proved unsuccessful, as were his petitions for rehearing *en banc* and for *certiorari*. *United States v. Reaves*, 647 F. App'x 942 (11th Cir. Apr. 11, 2016)(unpublished), *cert. denied sub nom. Reaves v. United States*, 137 S. Ct. 324, 196 L. Ed. 2d 236 (October 11, 2016). Thus, his conviction became final on October 11, 2016. *See Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076, 156 L. Ed. 2d 88 (2003). He timely filed this § 2255 motion on March 28, 2017, the date it was placed in the prison's internal mail system.[5] Doc. 1 at 5.

### III. FACTUAL BACKGROUND[6]

In June 2013, Officer Nakia Garrett went to 1480 Old Shocco Road, Apartment 9 in Talladega, Alabama to serve an arrest warrant on Kimberly Kelly. Garrett had visited the apartment six months earlier to investigate a stolen vehicle and remembered Kelly being present at that apartment, although she had told him that the apartment belonged to Reaves.

---

[5] Under the "prison mailbox rule," Petitioner is deemed to have filed his motion on the date it was signed. "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 241, 190 L. Ed. 2d 181 (2014)(citing *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012)). "Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Id*.

[6] This section is lifted verbatim from the Eleventh Circuit's opinion in this case. These facts are not disputed by the parties.

After Garrett knocked on the door and identified himself as a police officer, Reaves allowed Garrett to enter the apartment. Reaves told Garrett that he did not know Kelly. Garrett asked for Reaves's identification to know with whom he was speaking. When he ran Reaves's license through dispatch, Garrett learned that Reaves had an outstanding warrant for failure to pay child support. Garrett then placed Reaves under arrest and handcuffed him.

While waiting for transport officers to arrive, Garrett asked Reaves if he needed anything from the apartment before being taken to jail. Reaves told Garrett that he needed his wallet and tried to reach under a table to retrieve it. Garrett stopped Reaves and reached for the wallet himself. Garret then saw a pistol sitting next to the wallet. Garrett unloaded the pistol and placed it and the bullets on a table. As they were leaving the apartment, Garrett locked the front door at Reaves's request. After he locked the door, Garrett received a phone call from another officer informing him that Reaves was a convicted felon. Because Garrett had already locked the door by the time he learned of Reaves's criminal history, the officers decided to obtain a warrant before reentering the apartment.

After speaking to Garrett, a federal agent, Luke Iverson, prepared an affidavit and applied for a federal warrant to search Reaves's apartment. Iverson identified the evidence for which the officers would search as including

6

"[f]irearms [and] ammunition," as well as "[r]ecords that establish the persons who have control ... over the property." After Iverson obtained a search warrant from a magistrate judge, he went to the apartment building and spoke to Reaves, who was sitting in the back of a patrol car. Reaves denied living in the apartment. Upon entering the apartment, Iverson saw the pistol and bullets, which he collected as evidence. Continuing to search the apartment, he found a shotgun in a bedroom, as well as mail and other documents that linked Reaves to the apartment.

At trial, the parties stipulated that, prior to the current crime, Reaves had been convicted of felony offenses.

## IV. ANALYSIS

Reaves seeks relief on the grounds counsel rendered ineffective assistance: (a) by failing to investigate the existence of an arrest warrant that led to the discovery of the firearm; (b) by failing to advise him of his right to testify at a suppression hearing; and (c) by failing to challenge the Court's "constructive possession" instruction on appeal. Additionally, Reaves seeks relief on the ground that he is actually innocent of the charge. The Court will address Reaves's claims in the order asserted by him.

### A. Ineffective Assistance of Counsel.

To prevail on his claims of ineffective assistance, Reaves must demonstrate

both that his counsel's performance was below an objective and reasonable professional norm, and that he was prejudiced by this inadequacy. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). Relevant here, because the Court may dispose of an ineffective assistance claim if the movant fails to carry his burden of proof on either the performance or the prejudice prong, the Court need not address the adequacy of counsel's performance when the petitioner fails to make a sufficient showing of prejudice. *Id*. at 697. With that framework in mind, the court analyzes Reaves's specific ineffective assistance ("IEF") contentions separately below.

**1.     Trial Counsel's Failure To Investigate.**

Reaves asserts that his trial counsel was constitutionally ineffective in that he failed to investigate whether an arrest warrant for him was in fact outstanding on the date that the guns were discovered. Doc. 1 at 3, 6-7. Reaves assumes that, if no arrest warrant in fact was outstanding against him, this Court would necessarily have suppressed the firearms that he was convicted on having knowingly possessed. He is wrong.

Even if Reaves were able to show that no arrest warrant (for failure to pay child support) in fact was outstanding against him, the existence or non-existence of an arrest warrant had no impact on the federal search warrant which authorized

the search that led to the "discovery" of the firearms. The fact that Officer Garrett did not <u>notice</u> a firearm until after he had arrested Reaves on the disputed arrest warrant does not call into question the fact that one firearm was in plain view, and the other was found incident to a valid search warrant. To establish prejudice, "the defendant must show that [counsel's constitutionally deficient performance] actually had an adverse effect on the defense." *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985)(quoting *Strickland*, 104 S.Ct., at 2067). Because any failure to investigate the actual existence of the failure-to-pay-child-support warrant could not have prejudiced Reaves, this claim is **DENIED**.

### 2. Trial Counsel's Failure To Advise of Right To Testify.

Reaves's second IEF claim is fatally flawed by the same presumption that underlies his first IEF claim, discussed above. Reading his allegations as broadly and favorably to him as possible, as he is proceeding pro se, he apparently claims that if he had known he could testify at the suppression hearing he would have done so and that, by that testimony, he would have shown that there was no outstanding warrant to arrest him for unpaid child support. *See* Doc. 1 at 3, 8-9. However, as explained above, the actual existence or non-existence of an outstanding warrant against Reaves would have had no impact on his suppression hearing. Accordingly, he cannot show *Strickland* prejudice and this claim is also

9

**DENIED**.

### 3. Appellate Counsel's Failure To Challenge the Court's "Constructive Possession" Instruction.

Reaves's third IEF claim is based on his failure to understand that this Court's "constructive possession" charge was totally consistent with the Supreme Court decision upon which he relies, *Henderson v. United States*, 135 S. Ct. 1780 (2015). Specifically, Reaves says his counsel was constitutionally ineffective on appeal for not challenging the alleged failure of this Court's jury instructions on "constructive possession" to require the jury to find that Reaves had both the power <u>and the intent</u> to take control of the firearm later. Doc. 1 at 4, 9-10. While Reaves discusses his defense counsel's theory of defense and the closing arguments of his counsel and of Government counsel, he fails to point out (and perhaps does not realize) that this Court's instruction on "constructive possession" <u>actually contained the very language he claims was missing</u>. This Court instructed the jury, both orally and in writing, as follows:

> The law recognizes several kinds of possession. So I'm now going to explain possession to you. A person may have actual possession, constructive possession, sole possession or joint possession. Actual possession of a thing occurs if a person knowingly has direct physical control of it. <u>Constructive possession of a thing occurs if a person doesn't have actual possession of it but has both the power and the intention to take control over it later.</u> Sole possession of a thing occurs if a person is the only one to possess it. Joint

> possession of a thing occurs if two or more people share possession of it. The term "possession" includes actual, constructive, sole and joint possession.

Crim. Doc. 68 at 12 (emphasis supplied); Crim. Doc. 97 at 77, ll. 5-16. Counsel cannot be ineffective for failing to raise, on appeal, a trial error that did not occur. *Brown v. United States*, 720 F.3d 1316, 1333 (11th Cir. 2013)(recognizing that ineffective assistance of appellate counsel can constitute cause but that, "[i]n order to do so, however, the claim of ineffective assistance must have merit."). This claim is also **DENIED**.

### B. "ACTUAL INNOCENCE"

"Actual innocence" is recognized as an exception to the requirement of showing cause and prejudice to overcome the procedural barrier to an otherwise defaulted claim. *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649, 91 L. Ed. 2d 397 (1986) ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."). This exception requires the defendant to show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt in light of new evidence of innocence." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011)(citing *Schlup v. Delo*, 513

U.S. 298, 327 (1995)).

The Government views Reaves's fourth issue as a challenge to the sufficiency of the evidence, and points out that such a challenge could have been but was not raised on direct appeal and therefore is procedurally defaulted. Doc. 4 at 16-17. The Government then recognizes that such a procedural default can be excused on collateral review if Reaves can establish that he is actually innocent of the crime. *Id*. at 17. Next, the Government points out that Reaves has not met the standard for setting aside procedural default because he has not presented any "new reliable evidence of his innocence, nor does his argument indicate that any such evidence exists. Instead, he merely argues that the government's evidence at trial on the issue of 'constructive possession' was insufficient to sustain his conviction." *Id*. at 18. The Government then points out that "Reaves's [last] claim is legal – not factual – in nature, and [accordingly] does not support a claim of actual innocence." *Id*. (emphasis in original)(citing *Bousley v. United States*, 523 U.S. 614 at 623 (1998); *Cox v. United States*, No. 2:11-cr-295-JHH, 2013 WL 1909429, at *3 (N.D. Ala. May 2, 2013)).

The Government is correct. Any challenge by Reaves to the sufficiency of the evidence is procedurally barred and he has failed to show any new evidence that would support a claim of actual innocence to overcome that bar. Reaves's last

claim is **DENIED**.[7]

## V. CONCLUSION AND ORDER

In light of the foregoing, the court finds that no evidentiary hearing is needed on this record. Reaves's arguments are either procedurally barred or fail to establish a sufficient basis to vacate his sentence under 28 U.S.C. § 2255. Accordingly, his § 2255 petition is **DENIED**. The clerk is **DIRECTED** to close this file and to terminate doc. 105 in case no. 1:14-cr-82-VEH-JHE.

**DONE** this 22nd day of May, 2017.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[7] If the Government (and this Court) misconstrued Reaves's last claim and it is in fact based on appellate counsel's failure to raise on appeal this court's constructive possession charge, this claim duplicates his third claim, is based on his failure to understand *Henderson* and how this court actually instructed the jury, and accordingly is **DENIED** for the reasons that Reaves's third claim was denied.